RECEIVED
JUL 1 3 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BRONSTON R. DREW | CIVIL ACTION NO. 12-1309 |
| VERSUS | JUDGE DOHERTY |
| TOWN OF CHURCH POINT, ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Pending before the Court is the "Motion to Strike Penalty, Punitive or Exemplary Damages" [Doc. 4] filed by defendants the Town of Church Point, Chief Albert Venable, Officer Dale Thibodeaux, and Officer Blaine Griffin. The motion is unopposed.

In his petition, the plaintiff sues the Town of Church Point; Albert Venable, in his capacity as the Chief of Police for the Church Point Police Department; Dale Thibodeaux, individually and in his capacity as a detective for the Church Point Police Department; and Blaine Griffin, individually and in his capacity as an officer of the Church Point Police Department. In his prayer for relief, the plaintiff seeks, *inter alia*, "[i]nterest from date of judicial demand for all damages, including attorney's fees, costs, penalties, *exemplary damages*, and any other damages or elements of recovery..."[1]

In their motion, the defendants seek dismissal of the "claims for punitive and/or exemplary damages as prayed for by the plaintiff in his Petition for Damages." However, the defendants do not address the differing law governing claims for punitive damages asserted against a municipal entity, officers sued in their official capacities, or officers sued in their individual capacities.

---

[1] *See* Petition for Damages, ¶21(I) (emphasis added).

The jurisprudence is clear on two points concerning punitive damages pursuant to 42 U.S.C. §1983: they *are* generally available, but they *cannot* be awarded against a municipality. *See e.g. City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Smith v. Wade*, 461 U.S. 30 (1983). As such, all claims for punitive damages against the Town of Church Point will be DISMISSED.

Insofar as plaintiff is seeking punitive damages against Chief Venable, sued "in his capacity as Chief of Police," and Detective Thibodeaux and Officer Griffin, as sued in their *official* capacities, such damages are not available, as the imposition of punitive damages against those defendants in their official capacities is tantamount to awarding punitive damages against a municipality. *See e.g. City of Newport, supra*; *Smith, supra*; and *Kentucky v. Graham*, 473 U.S. 159 (1985).

However, Detective Thibodeaux and Officer Griffin have also been sued in their *individual* capacities. The law is well-settled that punitive damages are available against officers sued in their individual capacities to remedy intentional or reckless violations of civil rights. *Smith, supra*. More specifically, such damages are warranted "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* at 56.

Neither party has provided this Court with uncontested facts sufficient for this Court to make a determination about the motivation of defendants' conduct. As such, defendants' motion to strike the claims for punitive damages against Detective Thibodeaux and Officer Griffin in their individual capacities must be denied.

Considering the foregoing, defendants' "Motion to Strike Penalty, Punitive or Exemplary Damages" [Doc. 4] is GRANTED IN PART AND DENIED IN PART. The following claims are DENIED AND DISMISSED WITH PREJUDICE: (1) all claims for punitive and/or exemplary

damages against the Town of Church Point; (2) all claims for punitive and/or exemplary damages against Chief Venable; and (3) all claims for punitive and/or exemplary damages against Detective Thibodeaux and Officer Griffin in their *official* capacities. Defendant's motion to strike is DENIED with respect to plaintiff's claims for punitive and/or exemplary damages against Detective Thibodeaux and Officer Griffin in their *individual* capacities, the movants having failed to carry their burden to show they are entitled to the relief requested.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___13___ day of July, 2012.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3